NOT FOR PUBLICATION                                                                                          (Docket No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                            :
NEW JERSEY BUILDING LABORERS'     :
STATEWIDE BENEFIT FUNDS AND       :
THE TRUSTEES THEREOF,                       :
                                                            :
              Petitioners,                          :    Civil No. 09-0583(RBK/JS)
                                                            :
          v.                                             :    **OPINION**
                                                            :
EXCEL SERVICE & CONSTRUCTION,   :
INC.                                                      :
                                                            :
              Respondent.                          :
_____:

**KUGLER**, United States District Judge:

      This matter is before the Court on the unopposed Motion for Contempt by Petitioners New Jersey Building Laborers' Statewide Benefit Funds and the Trustees thereof. Petitioners seek to hold "William Stanull," President of Excel Service & Construction, Inc., in contempt of Court for failure to comply with this Court's Judgment and Order of February 18, 2009 confirming an arbitration award in favor of the Petitioners and ordering Respondent Excel Service to pay the sum of $6,960.66 to the Petitioners. Docket Nos. 3,4. Because Petitioners have failed to show by clear and convincing evidence that Excel Service and/or its President, William **Stancill**, had knowledge of the Order, the Motion for Contempt is denied.

1

**I.    BACKGROUND**

The pending motion is unopposed, thus the following facts are taken from Petitioners' brief in support.

Respondent Excel Service and Construction, Inc. is an employer and a signatory party to a Short Form Agreement that incorporates by reference the collective bargaining agreement (CBA) between the Building Laborers' District Councils and Local Unions of the State of New Jersey and the Building Contractors Association of New Jersey and the Declarations of Trust of the New Jersey Building Laborers' Statewide Benefit Funds.  As a party to the CBA, Excel Service was required to remit contributions to the benefit funds for individuals employed under the CBA. Excel Service purportedly violated this obligation by failing to remit contributions for the pay periods of July 19, 2008 through September 19, 2008, amounting in a deficiency of $4,132.62.

Petitioners New Jersey Building Laborers' Statewide Benefit Funds and the Trustees thereof forwarded notice to Excel Service on December 11, 2008 via regular and certified mail that absent payment of the delinquent funds, the Petitioners would submit the dispute to arbitration.  The regular mail was never returned, but the certified mail was returned unclaimed. Petitioners proceeded with arbitration in the absence of Excel Service, and an arbitrator ruled for the Petitioners on January 1, 2009.  The arbitrator awarded $6,960.66, which was comprised of $4,132.62 for contributions, $234.18 for interest, $826.52 for liquidated damages, $967.34 for attorneys' fees, and $800.00 for arbitrator's fees.  The arbitrator further directed that Excel Service remit the funds within fifteen days of the date of the award, and in the absence of payment, to respond to the Petitioners' subpoena duces tecum and ad testificandum.

Notwithstanding the arbitrator's award and order, Excel Services failed to comply.  Thus,

on February 9, 2009, Petitioners filed a petition and a motion in this Court to confirm the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 et seq, which the Court granted on February 18, 2009.  Docket Nos. 3, 4.  Thereafter, on February 20, 2009, Petitioners served a subpoena duces tecum and ad testificandum on Excel Service, requiring it to appear at the offices of Kroll Heineman, LLC on April 1, 2009 to provide oral and written testimony regarding the location of Excel Service's assets.  The subpoena was served via regular and certified mail at Excel Service's last known business address.  The regular mail was not returned, but the certified mail was returned as unclaimed.  No one from Excel Services appeared at the scheduled deposition on April 1st.

Petitioners moved on April 29, 2009 to hold the President of Excel Service, "William Stanull," in contempt of Court for failure to remit the ordered payment and for failure to appear at the deposition on April 1, 2009.  Docket No. 5, Proposed Order at 1.  Neither Excel Service nor any of its officers ever responded to the motion.  Petitioners did not attach as exhibits any of the mailings nor proof of the mailings, returned or unreturned.  Petitioners did, however, attach as Exhibit B the Short Form Agreement between the parties, showing the signature of William **Stancill**, President of Excel Service.  Docket No. 1, Ex. B.  Petitioners also supplied a certification of counsel, Michael McNally, stating that the representations in the motion were true.

Notably, Petitioners filed another, but seemingly unrelated, Petition to Confirm Arbitration Award against Excel Service with the Honorable Renee Marie Bumb on June 6, 2009.  Civ. No. 09-2799, Docket No.1.  Excel Service actively participated in that action, including the filing of an affidavit by Excel Service's President, William **Stancill**, in opposition

3

to Petitioners' Motion to Confirm Arbitration Award.  Civ. No. 09-2799, Docket No. 9.

## II.  DISCUSSION

Petitioners assert in their unopposed motion that contempt is appropriate because Excel Service "was properly and effectively notified of the [Petitioners'] filing and was duly served with this Court's Order.  To that effect, the returned certified mail confirm that [Excel Service] has continuously refused service of this Court's Order."  Pet. br. at 8.  In Petitioners' view, Excel Service's "continued recalcitrance" warrants that it be held in contempt of Court.  Pet. br. at 5.  The Court disagrees.

A plaintiff seeking civil contempt must show that "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order."  Harris v. The City of Philadelphia, 47 F.3d 1311, 1326 (3d Cir. 1995) (citing Roe v. Operation Rescue, 919 F.2d 857, 871 (3d Cir. 1990)); Andrews v. Holloway, 256 F.R.D. 136, 141 (D.N.J. 2009).  A finding of civil contempt must be supported by clear and convincing evidence.  Roe, 919 F.2d at 870.  A party should not be held in contempt if "'there is ground to doubt the wrongfulness of' the defendant's conduct.'"  Harris, 47 F.3d at 1326 (quoting Quinter v. Volkswagen of America, 676 F.2d 969, 974 (3d Cir. 1982)).  Further, all ambiguities must be resolved in favor of the party charged with contempt.  Id.

Given these standards, holding Excel Service or William Stancill in contempt is inappropriate.  Petitioners cannot by clear and convincing evidence prove that the Excel Service and/or William Stancill had knowledge of the Order.  First, Petitioners failed to attach any proof of the mailings that were sent.  The Court can neither confirm nor deny that the mailings were sent or that they were sent to the proper address.  Petitioners have repeatedly indicated that they

4

sent notices via certified mail, which necessarily generates a paper trail. That trail, had it been supplied, would have shown the Court that Excel Service and/or Mr. Stancill had many opportunities to learn of and adhere to this Court's Order, and chose not to. The certification of Michael McNally attesting to the truthfulness of the Petitioners' allegations is insufficient because it merely affirms that the Petitioners believed they sent proper notice, but it does not affirm that they did in fact do so.

Second, and perhaps more importantly, Petitioners requested throughout their moving papers that the Court hold "William Stanull" in contempt. Pet. br. at 2, 9; Docket No. 5, Proposed Order at 1. As far as the Court can divine, the President of Excel Service is William Stancill. If Petitioners repeatedly attempted to provide notice to William Stanull, his failure to respond is understandable: He does not exist. At the very least, this name discrepancy introduces doubt into Excel Service's purported wrongdoing, and that doubt must be resolved in its favor.

Thus, Petitioners have not shown by clear and convincing evidence that contempt is appropriate and the Court therefore must deny the Motion for Contempt.

### III.  CONCLUSION

For the foregoing reasons, Petitioners' Motion for Contempt is **DENIED**.


Dated:  10-13-2009               /s/Robert B. Kugler
                                 ROBERT B. KUGLER
                                 United States District Judge

5